# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-3278

| | | |
|---|---|---|
| Rene Ramos Galvan, | * | |
| | * | CR 01-146 PAM/JGL |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| United States of America, | * | District of Minnesota |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

Submitted: July 29, 2004
Filed: July 14, 2005

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

PER CURIAM.

Rene Galvan appeals from the final judgment entered in the District Court[1] for the District of Minnesota denying his 28 U.S.C. § 2255 motion to vacate his drug-conspiracy conviction following his guilty plea. The district court granted a certificate of appealability on Galvan's claim that trial counsel was ineffective. For the reasons discussed below, we affirm the judgment of the district court.

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

SCANNED
SEP 13 2005
U.S. DISTRICT COURT ST. PAUL

Because Galvan pleaded guilty, he must establish that counsel's advice fell outside the range of competence demanded of attorneys in criminal cases. See Hill v. Lockhart, 474 U.S. 52, 56 (1985). He must show both that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001). Galvan stipulated to the drug amount in his plea agreement and at his plea hearing in exchange for concessions by the government, and he has not shown that counsel was deficient in advising him to accept the benefit of the agreement. Even assuming counsel performed deficiently in failing to interview Galvan's co-defendants, Galvan has not shown any resulting prejudice. See United States v. Bryson, 268 F.3d 560, 562 (8th Cir. 2001) (conclusory allegations are insufficient to establish ineffective assistance), cert. denied, 536 U.S. 963 (2002). We thus find that the district court did not err in denying the claim without an evidentiary hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans